STATE OF MAINE *vs.* BENJAMIN D. PECK & others.

*Bond of treasurer of State—pleading—replication—judgment.*

A bond in a penal sum, given by the treasurer of State, with sureties, to the State, conditioned for the faithful performance of the official duties of the treasurer; that he will render an account, when required by the legislature, of all sums of money he shall receive into the treasury, and pay to his successor, or any other person appointed by the legislature to receive the same, all such sums of money and property upon settlement of his accounts as shall be found due from him, as treasurer, to the State; " that during his continuance in office, he will not engage in any business of trade or commerce, or as a broker, nor as agent or factor for any merchant or trader;" "that he will render a true account ... to the legislature ... on the first Wednesday of January" following the date of such bond, and faithfully and without delay deliver to his successor all the moneys, books, property, and appurtenances of said office remaining in his hands, and pay over all such balances as shall appear due, etc., is a "contract in a penal sum for the performance of covenants or agreements" within R. S., c. 82, § 16.

To a plea of general performance of the conditions of the bond of the treasurer of State, the plaintiff replied that the principal defendant " continued to hold and exercise the office of treasurer of State, to which he was chosen, as in said condition of said writing obligatory mentioned, ... from Jan. 13, 1858, to Feb. 4, 1859; that during said time, ... on Jan. 14, 1858, and on divers other days and times between that day and the said Feb. 4, 1859, at," etc., the principal defendant, "as such treasurer, had and received divers sums of money amounting in the whole to the sum of thirty-nine thousand, two hundred and thirty-one dollars and nineteen cents, belonging to the State, and hath not accounted for or paid to the State the same, or any part thereof, although often requested so to do, but hath therein wholly failed, and made default;" "and that the same is still wholly unpaid and unsatisfied, contrary to the form and effect of the said condition of the said writing obligatory." On special demurrer, *Held,* that the replication sets out the breach with sufficient particularity and precision.

In such cases, general pleading is allowable when the facts constituting the breach lie more in the knowledge of the opposite party than of the party pleading.

Where the aggregate amount of the breaches is set out in the replication, and the replication is adjudged good on demurrer, judgment must go for the amount thus claimed, unless the demurrer is, with the consent of the other party, and by leave of the court, withdrawn under R. S., c. 82, § 19.

ON EXCEPTIONS.

DEBT on the official bond of Benjamin D. Peck, treasurer of State, dated Jan. 28, 1858.

The writ was dated Jan. 15, 1861; and the action was entered April term, 1861.

At the April term, 1868, the defendants filed the following plea:

And the said defendants, except Wm. Chase, come and defend, etc., when, etc., and crave oyer of the said writing obligatory, and it is read to them; they also crave oyer of the condition thereof, and it is read to them, in the words following: "The condition of this obligation is such, that whereas the said Benjamin D. Peck was, on the thirteenth day of January, in the year of our Lord one thousand eight hundred and fifty-eight, in the manner prescribed by the constitution, duly chosen treasurer of said State. Now, therefore, if the said Benjamin D. Peck shall duly and faithfully discharge the duty of this trust according to law, and render an account when and so often as he shall be required by the legislature of all such sum or sums of money as he shall from time to time receive into the treasury, and shall well and truly pay to his successor in office, or to any other person that may be appointed by the legislature to receive the same, all such sums or sum of money, books, property, and appurtenances, as upon such settlement of his accounts or otherwise shall be found due and payable from him or his agents or servants to this State as treasurer aforesaid; and that during his continuance in office, he will not engage in any business of trade or commerce, or as a broker, nor as agent or factor for any merchant or trader; and that he or his executors or administrators or sureties, or their respective executors or administrators shall and will render a true and just account of all his and his agents and servants doings and transactions in said office to the legislature or such committee as they shall appoint, on the first Wednesday of January, eighteen hundred and fifty-nine, and previous to a new treasurer being chosen, and at any other time that shall be required by the legislature or the governor and council, and that he will settle and adjust said accounts, and faithfully and without delay deliver over to the treasurer then to be chosen, or such person or persons all and singular the moneys, books, property, and appurtenances of said office being and remaining in his hands, or in the

hands of his agents and servants, and truly and without delay to pay over all such balances that shall appear due upon the adjustment of the accounts of said office, then the foregoing obligation to be void and of no effect, but in default thereof, to remain in full force and effect; " all which being read and heard, the said defendants say that the plaintiff his action aforesaid against them, ought not to have and maintain, because they say that the said Benjamin D. Peck, from the time of the making of said writing obligatory, well and truly kept and performed all the covenants and conditions therein on his part to be kept and performed, according to the form and effect of the said writing obligatory. And this they are ready to verify; wherefore they pray judgment, if the plaintiff his action aforesaid against them ought to have or maintain, and for their costs.

To this plea the plaintiff replied as follows :

And the said State of Maine, as to the said plea of the said defendants Peck, Carter, Cummings, Haines, Dyer, and Dow, by them above pleaded, saith that the said State of Maine, by reason of anything by the said Peck, Carter, Cummings, Haines, Dyer, and Dow, in their plea alleged, ought not to be barred from having and maintaining its said action thereof against them, the said Peck, Carter, Cummings, Haines, Dyer, and Dow; because said State of Maine saith that the said Benjamin D. Peck remained and continued in the service and employment of the State of Maine, as such treasurer of said State, as in the said condition of said writing obligatory mentioned, and continued to hold and exercise the said office of treasurer of State to which he was chosen, as in said condition of said writing obligatory mentioned, for a long space of time, to wit, from the thirteenth day of January, in the year of our Lord one thousand eight hundred and fifty-eight, until and upon the fourth day of February, in the year of our Lord one thousand eight hundred and fifty-nine ; and that during the said time, that he, the said Benjamin D. Peck, so remained and continued in the service and employment of said State of Maine as its treasurer, and continued to hold and exercise the said office of treasurer, as afore-

said, to wit, on the fourteenth day of January, in the year of the Lord one thousand eight hundred and fifty-eight, and on divers other days and times between that day and the said fourth day of February, in the year of the Lord one thousand eight hundred and fifty-nine, to wit, at Augusta, in the county of Kennebec in said State, he, the said Benjamin D. Peck, as such treasurer of said State, as aforesaid, had and received divers sums of money, amounting in the whole to a large sum of money, to wit, the sum of thirty-nine thousand two hundred and thirty-one dollars and nineteen cents, belonging to the said State of Maine, and hath not accounted for or paid to the plaintiff the same, or any part thereof, although often requested so to do, but hath therein wholly failed and made default; and the said sum of money, so had and received by the said Benjamin D. Peck as aforesaid, is still wholly unpaid and unsatisfied to the said State of Maine, contrary to the form and effect of the said condition of the said writing obligatory; and this the said State of Maine is ready to verify, wherefore said State prays judgment and its debt aforesaid, together with its damages by it sustained, on occasion of the detention thereof, to be adjudged to it, and costs.

To this replication the defendants demurred specially as follows:

And the said defendants, Peck, Carter, Cummings, Haines, Dyer, and Dow, come and say that the replication of the said State of Maine in manner and form aforesaid made, and the matters therein contained, are not sufficient in law for the said State of Maine to have or maintain its said action, and that they, the said defendants, are not bound by law to answer the same in manner and form aforesaid made. And this they are ready to verify. Wherefore, by reason of the insufficiency of the said replication in this behalf, the said defendants pray judgment if the said State of Maine ought to have or maintain its action aforesaid against them, and for their costs.

And for causes of demurrer in law to the said replication, the said defendants state and show to the court here, that the said State of Maine has not and does not in and by its said replication set

forth and state with particularity and precision the breach of condition by said Benjamin D. Peck in their said writing obligatory, and the particular items thereof; and the assignment of a breach of said writing obligatory, and the condition thereof in the said replication of the said State of Maine is insufficient and defective in law, in particularity, and precision; and also that the said replication is in other respects uncertain, informal, and insufficient.

Upon joinder of the demurrer, the presiding judge sustained the demurrer, and adjudged the replication bad; whereupon the plaintiff alleged exceptions.

*T. B. Reed*, attorney-general, for the State.

After elaborately arguing that the plea was bad, made the following points:

I. The replication is sufficient.

1. Because " any replication is good in answer to a plea substantially bad." *Frost* v. *Hammatt*, 11 Pick. 75.

2. Because it is good without reference to the plea. *Calvert* v. *Gordon*, 7 B. & C. 809; *Shum* v. *Farrington*, 1 B. & P. 640; *Barton* v. *Webb*, 8 T. R. 459; *Jones* v. *Williams*, Doug. 214; *Cornwallis* v. *Savory*, 2 Burr. 772; *American Bank* v. *Adams*, 12 Pick. 303; *Morris Can. & Banking Co.* v. *Van Vorst*, 3 Zab. 98; *Davis* v. *Roach*, 9 Grat. 13; *People* v. *Dunlap*, 13 Johns. 437; 3 Chit. Pl. 178, and note b; 1 Chit. Pl. 585, notes and cases cited.

When a subject comprehends multiplicity of matter and much detail, then, to avoid prolixity, general pleading is allowable. 2 Wms. Saund. 410, note 4; *J'Ansen* v. *Stuart*, 1 T. R. 753; *Finley* v. *Ashley*, 15 Pick. 553; Steph. Pl. 535, and cases cited; *Braham* v. *Bacon*, Cro. Eliz. 916.

General pleading is also allowed when the facts lie more in the knowledge of the opposite party, than of the party pleading. *Gale* v. *Reed*, 8 East. 80.

II. If the plea be bad, or the replication good, judgment must be final for the State. R. S., c. 82, § 9; compare Public Laws of 1856, c. 211, § 1, and Public Laws of 1857, c. 55, § 3.

And for $39,231.19; for the demurrer confesses that amount

due. 1 Chit. Pl. 662; Steph. Pl. 143, and cases cited; 1 Wms. Saund. 337 b, note 3; Arch. Pl. and Ev. 350; Gould Pl. 461, 477, § 43; *Holson* v. *McArthur,* 3 McLean, 241; *Hall* v. *Bartlett,* 9 Barb. 297; *Greene* v. *Hearne,* 3 T. R. 301; *Moody* v. *Pheasant,* 2 B. & P. 446; *Tripp* v. *Thomas,* 10 E. C. L. 139.

Where the damages are certain on the record, there will be no writ of inquiry. 1 Sellon's Pr. 355.

On demurrer to any of the pleadings which go to the action, the judgment for either party is the same as it would have been on an issue of fact, joined upon the same pleading, and found in favor of the same party. Gould Pl., part I, c. ix, §§ 42, 477.

*J. & E. M. Rand,* for the defendants.

The replication should be more particular and definite, and more distinctly inform the defendants what is claimed of them. An allegation that Peck received "divers sums of money" is no assignment of breaches, which is a specification of claims.

The English decisions supporting such a replication were made under the provisions of the statute, 8 & 9 Wm. 3, c. 11; which statute was never adopted here. *Bailey* v. *Rogers,* 1 Greenl. 186.

At common law, the plaintiff in such an action as this can assign only one breach. We assign breaches under R. S. of 1857, c. 82, § 17, which requires a particular assignment and specification of the breaches relied upon.

Counsel cited 1 Chit. Pl. 585; *Bailey* v. *Rogers,* 1 Greenl. 186.

If the replication be good or the plea bad, judgment will be only interlocutory,—that the defendants answer over.

BARROWS, J. The defendants craved and had oyer of the bond declared on, and of the condition thereof which recites the election of Peck as treasurer of State, and provides in substance that if he shall duly and faithfully discharge the duty of this trust according to law, and render an account, when required by the legislature, of such sums of money as he shall receive, and shall well and truly pay to his successor in office, or to any other person that may be

appointed by the legislature to receive the same, "all such sums of money, books, property, and appurtenances, as upon such settlement of his accounts, or otherwise, shall be found due and payable from him, or his agents or servants, to this State as treasurer;" "and that during his continuance in office, he will not engage in any business of trade or commerce, or as a broker, nor as agent or factor for any merchant or trader," "and that he will render a true and just account . . . to the legislature . . . on the first Wednesday, of January, 1859, . . . and faithfully and without delay deliver over to the treasurer, then to be chosen, . . . the moneys, books, property, and appurtenances of said office, . . . and truly and without delay pay over all such balances that shall appear to be due upon the adjustment of the accounts of said office, then the foregoing obligation to be void and of no effect, but in default thereof to remain in full force and effect." Hereupon the defendants plead a general performance by Peck of "all the covenants and conditions therein on his part to be kept and performed." To this the plaintiffs reply, alleging that Peck "continued to hold and exercise the said office of treasurer of State to which he was chosen, as in said condition of said writing obligatory mentioned for a long space of time, to wit, from, etc., to, etc.," "and that during the said time, . . . to wit, on, etc., at, etc., he, the said Benjamin D. Peck, as such treasurer of State, as aforesaid, had and received divers sums of money, amounting in the whole to a large sum of money, to wit, the sum of thirty-nine thousand two hundred and thirty-one dollars and nineteen cents, belonging to the said State of Maine, and hath not accounted for or paid to the plaintiff the same, or any part thereof, although often requested so to do, but hath therein wholly failed and made default," "and the same is still wholly unpaid and unsatisfied contrary to the form and effect of the said condition of the said writing obligatory, and this, etc.," "wherefore said State prays judgment and its debt aforesaid, together with damages by it sustained on occasion of the detention thereof to be adjudged to it and costs."

The defendants demur to the replication, assigning for cause of

demurrer that the pleader  " does not in and by  the replication  set forth and state with particularity and precision the breach of condition, . . . and the particular items thereof, and that the replication is in other respects uncertain, informal, and insufficient." The language of the bond as rehearsed in the  plea  is  not  remarkable for grammatical precision ; but we think the instrument is to be deemed and treated as a  " contract in a penal sum for  performance of covenants and agreements," and therefore subject, so far as the pleadings are concerned, to the rules prescribed in R. S., c. 82, § 17.

The counsel for defendants reiterate in their argument what they had stated as the cause of demurrer, that the replication is wanting in particularity and precision, and that it does not set forth the breach of condition with sufficient detail and specification of items.    They do not suggest what further in the way of detail is required, or what allegation is omitted, which is necessary to constitute a good assignment of a breach.   It will be seen that the replication sets forth the reception by Peck during his official term, in his official capacity, of " divers sums of money amounting to " a certain sum specified to a cent, which he has not accounted for or paid over, but hath therein wholly failed and made default, and the same still remains wholly unpaid and unsatisfied, contrary to the form and effect of the condition of the bond, with a verification, wherefore plaintiff prays judgment for this particular sum, and damages for its detention, and costs.

The defendants cite from Chit. Pl. the familiar general rule that where there is a plea of general performance of the condition, the replication must state the breach with particularity, and should conclude with a verification, etc.

But it is equally true that useless prolixity in pleading is to be avoided, and where the subject comprehends multiplicity of matter, general pleading is allowed, and the breach  is well assigned if the sum and description of the items are given, and enough stated to show all the acts and defaults necessary to constitute a breach.   2 Wms. Saund. 410, note 4, and the cases there cited.

One of these, *Shum* v. *Farrington*, 1 B. & P. 640, was debt

on a bond conditioned for the good behavior of one R. S., jr., and for his duly rendering and paying to the plaintiff a true, just, and fair account of all moneys, bills, etc., received by him as their agent and factor.   The plea was, as here, general performance, to which there was a replication substantially identical, *mutatis mutandis*, with the one now under consideration.   A special demurrer was filed, " for that it does not appear in and by the said replication of the plaintiffs, from whom, or in what manner, or in what proportions, the said sums of money in the said replication mentioned were received by the said R. S., jr."   The demurrer was joined, and *Jones* v. *Williams*, Doug. 215, cited in support of it. That case and the demurrer presented were overruled upon full argument and consideration, Eyre, C. J., remarking that " any departure from the general way of stating the breach used in this replication, would lead to an inconvenient length of pleading, which the court will not determine to be necessary, unless compelled by a series of authorities."   After remarking upon the solitary case cited in support of the demurrer, he proceeds to say that " whether a breach be sufficiently assigned or not, is to be decided by the rules of law and the forms of pleading.   By the former, the party must show some fact which is a breach in the words of the condition. Where many sums have been received, it is not each sum, but all taken together, that constitute the breach, which must therefore be so stated."

Instead of being compelled by a series of decisions to sustain the demurrer, it appears that even then the weight of authority was the other way, and that when matter tends to great prolixity, conciseness in pleading is allowed and approved.   *Mints* v. *Bethel*, Cro. Eliz. 749; *Braham* v. *Bacon*, idem, 916; *J'Ansen* v. *Stewart*, 1 Term Rep. 753; *Cornwallis* v. *Savory*, 2 Burr. 772.   See also, *Calvert* v. *Gordon*, 7 Barn. & Cres. 809; E. C. L. R., vol. 14, p. 135; *Barton* v. *Webb*, 8 Term Rep. 459.   Defendants' counsel objects that the English decisions were under the statute 8 and 9 Wm. 3, c. 11, which never became part of the common law in New England, as was held in *Bailey* v. *Rogers*, 1 Maine, 186.   A part

of these English decisions were certainly prior to the statute referred to, as was also the case of *Arlington* v. *Merricke*, reported by Saunders from the Hilary Term, 23 and 24, Car. 2 (2 Wms. Saund. 403). The breach was there similarly assigned (*i. e.* generally), and Sir Edward Saunders, whose skill and· accuracy as a pleader grows more and more wonderful in these degenerate days, though as counsel for defendants he demurred for other causes, made no such point.

We fail to perceive how the statute referred to has any bearing upon the point here raised. If it does, it need only be observed that since the decision in *Bailey* v. *Rogers, ubi supra,* similar provisions have been incorporated into our own statutes. Laws of 1830, c. 463; R. S. of 1841, c. 115, § 15; R. S. of 1857, c. 82, § 17.

It should be noticed, also, that in *Bailey* v. *Rogers,* the replication was adjudged bad, because by the terms of ·the guardian's bond there in suit, he was not bound to render an account "until he shall be thereunto required," and thereupon the court held that a citation from the judge of probate, requiring him to render an account, was a necessary preliminary, in order to charge the guardian on his bond for refusing to account, and no special request to account or citation to the guardian was alleged.

If such had been the only condition here, the general allegation of "though often requested" would be plainly insufficient, but these pleadings show a day fixed when Peck's accounts should have been rendered, and that that day was long past when the suit was commenced.

We do not see how the claims of the State could well have been made more definite, specific, and certain, by the pleadings. What the precise sums were which Peck received as treasurer, and appropriated to his own use, and from whom he received them, he may know, but it would be certainly difficult, if not impossible, for the plaintiff to ascertain; and this brings the case within the rule that general pleading is allowable also where the facts lie more in the knowledge of the opposite party than of the party pleading. *Gale* v. *Reed,* 8 East, 80.

Lord Ellenborough said, in the case just cited, that it was a sufficient answer in point of law (to a similar objection urged in that case on demurrer), that "as the facts alleged in these breaches lie more properly in the knowledge of the defendant, who must be presumed conusant of his own dealings, than of the plaintiffs, there was no occasion to state them with more particularity."

The replication sufficiently assigns a breach of the bond, and specifies minutely the amount of the damages which have accrued, by reason of it. The demurrer admits all that is well pleaded in the replication.

As a consequence, judgment must eventually be rendered for the plaintiff for the sum thus claimed, unless the plaintiff consents to a withdrawal of the demurrer, and the court thereupon order it under R. S., c. 82, § 19. At present the entry must be

*Exceptions sustained.*
*Replication adjudged good.*

APPLETON, C. J.; KENT, WALTON, and DANFORTH, JJ., concurred.